**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**ABILENE DIVISION**

| | |
|---|---|
| LINDA J GRAY, § § § Plaintiff, § § vs. § § § MICHAEL J. ASTRUE, § Commissioner of Social Security, § § Defendant. § | Civil Action No. 1:09-CV-0101-BI ECF Assigned to U.S. Magistrate Judge |

**MEMORANDUM ORDER AND OPINION**

**THIS CASE** is before the court upon Plaintiff's complaint filed June 16, 2009, for judicial review of the administrative decision of the Commissioner of Social Security denying Plaintiff's application for disability insurance benefits under Title II of the Social Security Act. Plaintiff filed a brief [1] in support of her complaint on March 19, 2010, Defendant filed a brief on May 14, 2010, and Plaintiff filed her reply on June 1, 2010. The parties consented to having the United States magistrate judge conduct all further proceedings in this case on June 24, 2009 (Doc. 4), and February 16, 2010 (Doc. 18). This court has considered the pleadings, the briefs, and the

---

[1] Plaintiff termed her brief a motion for summary judgment with brief in support. However, as the court had already notified the parties, the court finds the interests of both parties and the interests of judicial economy and conservation of judicial resources will be accomplished by considering and briefing Social Security cases brought pursuant to 42 U.S.C. § 405(g) as appeals, rather than addressing them as cross-motions for summary judgment. Therefore, Plaintiff's motion and brief were treated as her brief in accordance with the briefing scheduling order entered by the court.

administrative record and finds that the Commissioner's decision should be reversed and that this case should be remanded for further administrative proceedings.

## I. STATEMENT OF THE CASE

Plaintiff protectively filed an application for disability insurance benefits on November 3, 2006, alleging disability beginning October 19, 2006. Tr. 8. Plaintiff's application was denied initially and upon reconsideration. Tr. 8, 46-50, 53-56. Plaintiff filed a Request for Hearing by Administrative Law Judge on May 21, 2007, and this case came for hearing before the Administrative Law Judge ("ALJ") on April 17, 2008. Tr. 8, 21-39, 57. Plaintiff, represented by an attorney, testified in her own behalf. Tr. 23-33. Michael Driscoll, a vocational expert ("VE"), appeared and testified as well. Tr. 33-39. The ALJ issued a decision unfavorable to Plaintiff on June 11, 2008. Tr. 5-17.

In his opinion the ALJ noted that the specific issue was whether Plaintiff was under a disability within the meaning of the Social Security Act. He found that Plaintiff met the disability insured status requirements through December 31 2009, and that Plaintiff had not engaged in substantial gainful activity at any time since October 19, 2006. Tr. 8, 10. Plaintiff has "severe" impairments, including rheumatoid arthritis and diabetes. Tr. 10. Plaintiff's severe impairments, singularly or in combination, were not severe enough to meet or equal in severity any impairment listed in the Listing of Impairments, 20 C.F.R. Part 404, Subpt. P, App. 1. Tr. 14. Therefore, the ALJ was required to determine whether Plaintiff retained the residual functional capacity ("RFC") to perform her past relevant work or other work existing in the national economy.

The ALJ acknowledged that in making the RFC assessment, he must consider all symptoms, including pain, and the extent to which these symptoms can be reasonably accepted as consistent with the objective medical evidence and other evidence, based on the requirements of Social Security Ruling 96-7p. *Id*.

The ALJ found that based on the evidence in the record, Plaintiff's statements concerning her impairments and their impact on her ability to work were not entirely credible. Tr. 13.

The ALJ found that Plaintiff could not return to her past relevant work as a home health aide or a janitor/housekeeper. Tr. 15. He noted that Plaintiff was considered a "younger individual" with a marginal education. 20 C.F.R. §§ 416.963, 416.964; Tr. 16.

The ALJ found that Plaintiff retained the RFC to perform the requirements of light work activity, limited to jobs that do not require lifting more than ten pounds; that do not require crawling or climbing scaffolds; that do not require stooping, crouching, or kneeling more than occasionally; that do not require working at heights or around moving machinery; that do not require prolonged walking over ten minutes; that do provide the opportunity to alternate sitting and standing intermittently; and that do not require performing tasks entailing frequent, repetitive use of the hands. Tr. 14. Having found that Plaintiff could not perform the full range of light work, the ALJ turned to the testimony of the VE in determining whether Plaintiff was capable of making a vocational adjustment to other work despite her severe impairments. Tr. 16-17. He relied upon the testimony of the VE who indicated that a hypothetical person of Plaintiff's age, with Plaintiff's RFC and vocational history, could perform work which exists in significant numbers in the national economy, including the jobs of small products assembler, an information clerk, and a route aide, with over 200,000 jobs nationally. Tr. 16. The ALJ asked the VE to change the above hypothetical to sedentary work instead of light work, and he testified that Plaintiff could perform the jobs of telephone quotation clerk, a bench hand, and a food/beverage order clerk, with over 325,000 jobs nationally. *Id.* The ALJ, therefore, concluded that Plaintiff was not disabled within the meaning of the Social Security Act at any time through the date of his decision. Tr. 17.

Plaintiff submitted a Request for Review of Hearing Decision/Order. Tr. 40. The Appeals Council denied Plaintiff's request and issued its opinion on April 14, 2009, indicating that although

it had considered the contentions raised in Plaintiff's Request for Review, it nevertheless concluded that there was no basis for changing the ALJ's decision. Tr. 1-4. The ALJ's decision, therefore, became the final decision of the Commissioner.

On June 16, 2009, Plaintiff commenced this action which seeks judicial review of the Commissioner's decision that Plaintiff was not disabled.

## II.  STANDARD OF REVIEW

An applicant may obtain a review of the final decision of the Commissioner by a United States district court. 42 U.S.C. § 405(g). The court's review of a denial of disability benefits is limited to determining whether the decision is supported by substantial evidence and whether the Commissioner applied the proper legal standards. *Waters v. Barnhart*, 276 F.3d 716, 718 (5th Cir. 2002) (citing *Estate of Morris v. Shalala*, 207 F.3d 744, 745 (5th Cir. 2000)). Substantial evidence "is more than a mere scintilla and less than a preponderance" and includes "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Masterson v. Barnhart*, 309 F.3d 267, 272 (5th Cir. 2002); *Watson v. Barnhart*, 288 F.3d 212, 215 (5th Cir. 2002). The court will not re-weigh the evidence, try the questions *de novo*, or substitute its judgment for the Commissioner's, even if the court believes that the evidence weighs against the Commissioner's decision. *Masterson,* 309 F.3d at 272. "[C]onflicts in the evidence are for the Commissioner and not the courts to resolve." *Id.* (quoting *Newton v. Apfel,* 209 F.3d 448, 452 (5th Cir. 2000)).

In order to qualify for disability insurance benefits or SSI, a claimant has the burden of proving that he or she has a medically determinable physical or mental impairment lasting at least 12 months that prevents the claimant from engaging in substantial gainful activity. Substantial gainful activity is defined as work activity involving significant physical or mental abilities for pay or profit. *Newton,* 209 F.3d at 452; *see* 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. § 404.1527(a)(1).

The Commissioner follows a five-step process for determining whether a claimant is disabled within the meaning of the Social Security Act. 20 C.F.R. § 404.1520; *Masterson*, 309 F.3d at 271; *Newton*, 209 F.3d at 453. In this case the ALJ found at step 5 that Plaintiff was not disabled because she retained the ability to perform work in the national economy. Tr. 17.

## III. DISCUSSION

Plaintiff claims that the ALJ's decision is not supported by substantial evidence because the ALJ erred in making his credibility determination, erred in evaluating Plaintiff's obesity and learning disability, and erred in making his RFC determination. Plaintiff further alleges that the Appeals Council erred by accepting the ALJ's RFC determination.

The ultimate issue is whether the ALJ's decision is supported by substantial evidence. The court, therefore, must review the record to determine whether it "yields such evidence as would allow a reasonable mind to accept the conclusion reached by the ALJ." *Loza v. Apfel,* 219 F.3d 378, 393 (5th Cir. 2000).

**1.      Whether the ALJ erred in making his credibility determination.**

Plaintiff argues that the ALJ erred in making his credibility determination by failing to follow the appropriate two-step process and by failing to set forth a detailed analysis.

Pursuant to SSR 96-7p, the adjudicator is required to go through a two-step process in evaluating a claimant's symptoms. The ALJ must first:

> consider whether there is an underlying medically determinable physical or mental impairment . . . that could reasonably be expected to produce the individual's pain or other symptoms . . . . Second, once an underlying physical or mental impairment(s) that could reasonably be expected to produce the individual's pain or other symptoms has been shown, the adjudicator must evaluate the intensity, persistence, and limiting effects of the individual's symptoms to determine the extent to which the symptoms limit the individual's ability to do basic work activities. For this purpose, whenever the individual's statements about the intensity, persistence, or functionally limiting effects of pain or other symptoms are not substantiated by objective medical evidence, the adjudicator must make a finding on the credibility of the individual's statements based on a consideration of the entire case record.

SSR 96-7p.

The ALJ may consider various factors in assessing a claimant's credibility, including the individual's daily activities; the location, duration, frequency, and intensity of the individual's pain or other symptoms; factors that precipitate and aggravate the symptoms; the type, dosage, effectiveness, and side effects of any medication the individual takes or has taken to alleviate pain or other symptoms; treatment, other than medication, the individual receives or has received for relief of pain or other symptoms; any palliative measures used to relieve pain or other symptoms; and any other factors concerning the individual's functional limitations and restrictions due to pain or other symptoms. *Id*.

The ALJ may discount subjective complaints of pain as inconsistent with other evidence in the record. *See Dunbar v. Barnhart*, 330 F.3d 670, 672 (5th Cir. 2003) (citing *Wren v. Sullivan*, 925 F.2d 123, 128 (5th Cir. 1991) (citation omitted)). The subjective testimony of Plaintiff must be weighed against the objective evidence of medical diagnosis. *Chaparro v. Bowen*, 815 F.2d 1008, 1010 (5th Cir. 1987) (citing *Jones v. Heckler*, 702 F.2d 616, 621 n.4 (5th Cir. 1983)). Subjective evidence need not take precedence over objective evidence. *Villa v. Sullivan*, 895 F.2d 1019, 1024 (5th Cir. 1990) (citing *Hollis v. Bowen*, 837 F.2d 1378, 1385 (5th Cir 1988)). Moreover, a factfinder's evaluation of the credibility of subjective complaints is entitled to judicial deference if supported by substantial record evidence. *Villa*, 895 F.2d at 1024 (citing *Jones v. Bowen*, 829 F.2d 524, 527 (5th Cir. 1987).

In this case the ALJ made a finding regarding Plaintiff's subjective complaints of pain and found that her testimony and allegations concerning the functional limitations imposed by her pain and symptoms were not entirely credible because they were not reasonably supported by the substantial weight of the evidence. Tr. 13. The ALJ noted Plaintiff's testimony regarding her symptoms and activities. *Id*. He noted Plaintiff's report of cooking, doing housework and yard

work, driving, and shopping to Dr. Richard D. Trifilo, a consultative examining physician. *Id*. He noted Plaintiff's report of being able to sit and crochet for an hour before needing to rest her hands and being able to sew. *Id*. He noted that although Plaintiff related having severe headaches every day, the medical record did not indicate that she had reported them regularly to her treating and examining physicians. *Id*. The ALJ also noted the minimal physical findings as indicated by Dr. Trifilo. Tr. 12-13. The ALJ found that although Plaintiff's complaints of pain were of a type reasonably deriving from her impairment of rheumatoid arthritis, the frequency and extent of the functional limitations she alleges were not supported by the substantial weight of the evidence.

"How much pain is disabling is a question for the ALJ since the ALJ has primary responsibility for resolving conflicts in the evidence." *Carrier v. Sullivan*, 944 F.2d 243, 247 (5th Cir.1991) (citing *Villa*, 895 F.2d at 1022). Subjective evidence need not take precedence over objective evidence, and the factfinder's evaluation of the credibility of subjective complaints is entitled to judicial deference if supported by substantial record evidence. *Villa*, 895 F.2d at 1024.

Plaintiff alleges that the reasons indicated by the ALJ for finding Plaintiff's subjective allegations regarding the limitations imposed by her impairments were inconsistent and possibly false. She further argues that the ALJ did not adequately articulate his reasons for rejecting her subjective complaints of pain. The ALJ's decision and the medical evidence of record, however, demonstrate that the ALJ set forth his reasons for declining to accept all of the limitations that Plaintiff alleged were imposed by her impairments. The court finds that the ALJ's evaluation of Plaintiff's credibility and the credibility determination is supported by substantial evidence. The ALJ did not err in making his credibility determination.

**2.      Whether the ALJ erred in making his RFC determination.**

Plaintiff alleges that the ALJ erred in making his RFC determination because the ALJ did not accept Dr. Trifilo's opinion regarding the limitations imposed by Plaintiff's impairments in its entirety and substituted his own opinion for that of a medical doctor.

The term "residual functional capacity assessment" describes an adjudicator's finding about the ability of an individual to perform work-related activities. Soc. Sec. Ruling 96-5p (July 2, 1996) ("SSR 96-5p"). The RFC assessment is based upon "*all* of the relevant evidence in the case record," including, but not limited to, medical history, medical signs, and laboratory findings; the effects of treatment; and reports of daily activities, lay evidence, recorded observations, medical source statements, and work evaluations. Soc. Sec. Ruling 96-8p (July 2, 1996) ("SSR 96-8p") (emphasis in original). The ALJ is responsible for determining a claimant's RFC. *Ripley v. Chater*, 67 F.3d 552, 557 (5th Cir. 1995). In making the RFC assessment and in determining the limitations imposed by a claimant's impairment(s), the ALJ is instructed to consider the entire record. Soc. Sec. Ruling 96-7p (July 2, 1996) ("SSR 96-7p").

The claimant has the burden to prove that she is disabled within the meaning of the Social Security Act. *Fraga v. Bowen*, 810 F.2d 1296, 1301 (5th Cir. 1987). A physical or mental impairment is in turn defined as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3). The existence of an impairment does not in itself establish disability; a claimant is disabled only if he or she is "incapable of engaging in any substantial gainful activity." *Milam v. Bowen*, 782 F.2d 1284, 1286 (5th Cir.1986). The ALJ is not required to incorporate limitations into the hypothetical questions presented to the VE that he did not find to be supported in the record. *See Morris v. Bowen*, 864 F.2d 333, 336 (5th Cir. 1988).

Plaintiff argues that the ALJ erred by failing to accept Dr. Trifilo's opinion in its entirety, which she asserts indicates a less than full sedentary level RFC, and instead "cherry picked" from the medical records and Dr. Trifilo's opinion in formulating the RFC.

"The ALJ as factfinder has the sole responsibility for weighing the evidence and may choose whichever physician's diagnosis is most supported by the record." *Muse v. Sullivan*, 925 F.2d 785, 790 (5th Cir. 1991) (citing *Bradley v. Bowen*, 809 F.2d 1054, 1057 (5th Cir. 1987)). The task of weighing the evidence is the province of the ALJ. *Chambliss v. Massanari*, 269 F.3d 520, 523 (5th Cir. 2001). The relative weight to be given these pieces of evidence is within the ALJ's discretion. *Id.*

The ALJ found that Plaintiff could perform work activity at the light exertional level subject to additional limitations. Tr. 14. The ALJ noted the state agency medical consultant had opined that Plaintiff retained the RFC to perform a full range of light work, with the exception of balancing. *Id*. The ALJ noted that Dr. Trifilo had opined that Plaintiff would likely have difficulty lifting anything over five pounds. *Id*.

The ALJ has the responsibility for determining Plaintiff's RFC and for making the credibility determination, and may choose whichever opinion is most supported by the evidence. He is not required to accept any medical opinion *in toto*, rather, his RFC determination is based upon the evidence as a whole.

However, the RFC determination must be supported by substantial evidence. The ALJ indicated that Plaintiff was limited to light work, subject to additional limitations. The ALJ found that Plaintiff could not lift more than 10 pounds. Tr. 14. As he noted, Dr. Trifilo opined that Plaintiff would have difficulty lifting over 5 pounds. The ALJ's opinion does not make clear what evidence he relied upon in finding that Plaintiff could not lift more than 10 pounds, nor did he indicate why he accepted portions of Dr. Trifilo's opinion. It is not clear, within the ALJ's opinion,

-9-

how the lifting limitation was determined or found. The court thus finds that the ALJ's RFC determination is not supported by substantial evidence in the record.

**C.      Whether the ALJ erred in evaluating Plaintiff's obesity and learning disorder.**

Plaintiff argues that the ALJ should have considered the degree to which her obesity may have contributed to "lack of mental clarity and interference with social functioning." The ALJ found no such limitations.

Plaintiff notes that the ALJ indicated in his opinion that she was obese but argues that he failed to otherwise evaluate her obesity as a medically determinable impairment and failed to ascribe any specific limitations to this impairment in formulating his RFC finding.

In determining whether a claimant's physical or mental impairments are of a sufficient medical severity as could be the basis of eligibility under the law, the ALJ is required to consider the combined effects of all impairments without regard to whether any such impairment, if considered separately, would be of sufficient severity. See 20 C.F.R. § 404.1523. *Loza*, 219 F.3d at 393. If the ALJ finds a medically severe combination of impairments, "the combined impact of the impairments will be considered throughout the disability determination process." *Id*.

Social Security Ruling 02-1p (September 12, 2002) ("SSR 02-1p") was adopted when § 9.09 of the Listing of Impairments applying to obesity was deleted because cases under this listing "indicated that the criteria in the listing were not appropriate indicators of listing-level severity" and "the criteria in listing 9.09 did not represent a degree of functional limitation that would prevent an individual from engaging in any gainful activity." SSR 02-1p. Under this Ruling, the Commissioner will not make assumptions about the severity or functional effects of obesity combined with other impairments. *Id*. Obesity in combination with another impairment may or may not increase the severity or functional limitations of the other impairment. *Id*. Evaluation in each case is based on the information in the case record. *Id*. When obesity is identified as a medically determinable

impairment, the Commissioner will consider any functional limitations resulting from the obesity in the RFC assessment, in addition to any limitations resulting from any other physical or mental impairments identified. *Id*.

In his opinion the ALJ found that Plaintiff's severe impairments included obesity. He did not set forth any specific limitations attributed to this impairment. While SSR 02-1p specifically notes that in cases involving obesity, fatigue may affect the individual's physical and mental ability to sustain work activity, there is no evidence in the record to demonstrate that Plaintiff's obesity, considered in combination with her mental and physical impairments, has increased the severity or functional limitations of such impairments. *Id*.

Plaintiff argues that the ALJ failed to consider the impact of her obesity and her learning disorder on her ability to work. The record demonstrates that the ALJ found obesity to be a medically determinable impairment, but non-severe. Tr. 10. The record further demonstrates that the ALJ found that there was no objective medical evidence of record indicating that Plaintiff's alleged learning disorder was a medically determinable impairment.

Plaintiff correctly notes that her physicians noted her obesity, as did the ALJ. However, none of the references in the record indicates that Plaintiff's obesity increased the functional limitations in combination with her other impairments beyond the degree recognized by the ALJ and incorporated into his RFC finding. *See* SSR 02-1p. While there are references in the record to her obesity, the record demonstrates that Plaintiff's medical providers and the consultative examiner did not note any specific limitations imposed by her obesity, nor did they indicate that her obesity increased the functional limitations imposed by her other impairments. While SSR 02-1p specifically notes that in cases involving obesity, fatigue may affect the individual's physical and mental ability to sustain work activity, there is no evidence in the record to demonstrate that Plaintiff's obesity, considered in combination with her non-severe mental impairments such as

-11-

depression, has increased the severity or functional limitations of such impairment. *Id*. This is underscored by the ALJ's finding that Plaintiff's learning disorder was not "severe" and thus did not impose limitations on her ability to perform work related activities. SSR 02-01p specifically notes that "[t]he fact that obesity is a risk factor for other impairments does not mean that individuals with obesity necessarily have any of these impairments. It means that they are at greater than average risk for developing the other impairments."

At step 2 obesity is a "severe" impairment when, alone or in combination with another medically determinable physical or mental impairment(s), it significantly limits an individual's physical or mental ability to do basic work activities. *Id*. The ALJ found that Plaintiff's obesity was a "severe" impairment. SSR 02-1p does not, however, require the adjudicator to make any "assumptions about the severity or functional effects of obesity combined with other impairments." In fact, the ruling specifically provides that "[o]besity in combination with another impairment may or may not increase the severity or functional limitations of the other impairment" and instructs the adjudicator to evaluate each case based on the information in the case record. *Id*. The court finds that the ALJ did not err in evaluating Plaintiff's obesity, either alone or in combination with Plaintiff's severe impairment and non-severe mental impairment.

**D.      Whether the ALJ erred in posing his hypothetical question to the VE or in relying upon the testimony of the VE.**

Plaintiff argues that the ALJ erred by failing to incorporate the limitations imposed by her impairments into the hypothetical question posed to the VE. In her reply brief, Plaintiff additionally argues that the ALJ erred by relying upon the testimony of the VE where such testimony conflicted

with the *Dictionary of Occupation Titles* ("DOT"),[2] and did not describe a reasonable basis for relying upon such testimony.

A vocational expert is called to testify because of his familiarity with job requirements and working conditions. *Vaughan v. Shalala*, 58 F.3d 129, 132 (5th Cir. 1995) (citing *Fields v. Bowen*, 805 F.2d 1168, 1170 (5th Cir.1986)). "The value of a vocational expert is that he is familiar with the specific requirements of a particular occupation, including working conditions and the attributes and skills needed." *Id.* In testifying, a vocational expert "is able to compare all the unique requirements of a specified job with the particular ailments a claimant suffers in order to reach a reasoned conclusion whether the claimant can perform the specific job." *Fields*, 805 F.2d at 1170.

The ALJ is not required to incorporate limitations into the hypothetical questions presented to the VE that he did not find to be supported in the record. *See Morris*, 864 F.2d at 336.

The court, having found that the ALJ's RFC determination was not supported by substantial evidence in the record, does not reach Plaintiff's claims that the hypothetical question failed to incorporate the limitations imposed by her impairment. Moreover, Plaintiff's argument regarding a conflict between the testimony of the VE and the DOT, having been raised in Plaintiff's reply brief, is not properly before this court.

This case should be remanded for further administrative proceedings for additional consideration of Plaintiff's residual functional capacity and ability to perform work in the national economy.

---

[2] *See* United States Dept. of Labor, Employment & Training Admin., *Dictionary of Occupational Titles* (4th ed. 1991) ("DOT").

## IV. CONCLUSION

Based upon the foregoing discussion of the issues, the evidence, and the law, this court finds that the ALJ erred and that the ALJ's opinion is not supported by substantial evidence in the record, that the Commissioners's decision should be reversed, and that this case should be remanded for further proceedings in accordance with this recommendation.

**IT IS, THEREFORE, ORDERED** that the decision of the Commissioner denying Plaintiff's application for a period of disability insurance benefits is **REVERSED**.

**IT IS FURTHER ORDERED** that this case is **REMANDED**. Upon remand the ALJ should further consider Plaintiff's RFC and whether she retains the ability to perform work which exists in the national economy.

A judgment in accordance with this decision shall be entered.

**SO ORDERED.**

DATED this 11th day of March, 2011.

**PHILIP R. LANE**
**UNITED STATES MAGISTRATE JUDGE**